No.  23-3286

**APPEAL TO**
**THE  UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

LANLAN LI,

          Plaintiff – Appellant,

    v.

FRESENIUS KABI USA, LLC,

          Defendant – Appellee.

District Court Case No.: 1:20-cv-07110

District Judge: Mary M. Rowland

**Appeal from the United States District Court**
**For the Northern District of Illinois,**
**Honorable Mary M. Rowland, Judge Presiding**
**Case No. 1:20-cv-07110**

**BRIEF OF THE**
**DEFENDANT-APPELLEE FRESENIUS KABI USA, LLC**

Stephanie A. Cantrell
Schueler, Dallavo & Casieri
525 W. Monroe Street, Suite 1530
Chicago, IL 60661
(312) 831-1090

*Attorneys for Fresenius Kabi USA, LLC*

## <u>DISCLOSURE STATEMENT</u>

The undersigned counsel for Defendants-Appellee furnishes the following statement in compliance with Circuit Rule 26.1:

1. The full name of every party that the attorney represents in this case:

   Fresenius Kabi USA, LLC

2. The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

   Attorneys from the firm of Schueler, Dallavo & Casieri have appeared and expect to appear before this Court for the Defendant-Appellee.

3. If the party or amicus is a corporation:

   a. Identify all its parent corporations, if any:

      Defendant-Appellee is a wholly-owned subsidiary of Fresenius Kabi Pharmaceuticals Holding, LLC ("Holding"). Holding is a wholly-owned subsidiary of Fresenius Kabi AG, whose parent company is Fresenius SE & Co., KGaA, a publicly-traded company in Germany.

   b. List any publicly held company that owns 10% or more of the party's or amicus' stock:

      None.

SCHUELER, DALLAVO & CASIERI

Stephanie A. Cantrell
Counsel for Defendant-Appellee

March 28, 2024

## TABLE OF CONTENTS

TABLE OF AUTHORITIES

JURISDICTIONAL STATEMENT ........................................................................1

STATEMENT OF THE ISSUES ..........................................................................2

STATEMENT OF THE CASE ............................................................................3

SUMMARY OF ARGUMENT .............................................................................8

ARUGMENT ...............................................................................................11

    A.  Standard of Review

    B.  The Appeal Should Be Dismissed for Failure to Abide by the Procedural Rules

    C.  District Court's Judgment Should Be Affirmed as a Matter of Law

        1.  Plaintiff-Appellant Failed to Establish a *Prima Facie* Case of Disability Discrimination

        2.  Plaintiff-Appellant Failed to Establish a *Prima Facie* Case of Retaliation

        3.  The Court Properly Ruled that Plaintiff-Appellant Failed to Exhaust Her Administrative Rights

        4.  Plaintiff-Appellant Failed to Establish a *Prima Facie* Case of National Origin/Race Discrimination

        5.  Plaintiff-Appellant Failed to Establish a *Prima Facie* Case of Age Discrimination and this Claim is not Properly Before the Appellate Court

    D.  The District Court Acted Within Its Discretion in Denying Plaintiff-Appellant's Motion to Reconsider

CONCLUSION…………………………………………….…………………………………22

CERTIFICATE OF COMPLIANCE…………………………………………………………24

CERTIFICATE OF SERVICE..……………………………………………………..…25

## TABLE OF AUTHORITIES

**Cases**

*Abebe v. Health & Hosp. Corp. of Marion Cnty.,* 35 F.4th 601, 607 (7th Cir. 2022) ................. 16

*Andrews v. CBOS West, Inc.*, 743 F.3d 230, 234 (7th Cir. 2014)................................................. 8

*Byrne v. Avon Prod., Inc.*, 328 F.3d 379, 381 (7th Cir. 2003)................................................... 15

*Curran v. Kwon,* 153 F. 3d 481, 485 (7th Cir. 1998).............................................................. 11

*Curry v. Menard, Inc.,* 270 F. 3d 473, 478 (7th Cir. 2001) ...................................................... 18

*Denisi v. Dominick's Finer Food, Inc.*, 99 F. 3d. 860, 866 (7th Cir. 1995) ................................ 22

*Dixon v. City of Rockford,* 299 F. App'x 590, 591 (7th Cir. 2008) ............................................ 12

*FDIC v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986) ............................................................... 11

*Fleishman v. Cont'l Cas. Co.,* 698 F. 3d 598, 604 (7th Cir. 2010).............................................. 20

*Gleason v. Mesirow Financial, Inc.*, 118 F. 3d 1134, 1139 (7th Cir. 1997)................................. 11

*Hedberg v. Indiana Bell Tel. Co.,* 47 F.3d 928, 931 (7th Cir. 1995) ......................................... 18

*Israel v. Fine*, 299 F. App'x 571, 572-73 (7th Cir. 2008) ......................................................... 12

*Kidwell v. Eisenhauer,* 679 F. 3d 957, 965 (7th Cir. 2012) ...................................................... 20

*Landfair v. J.B. Hunt Transp., Inc.*, 268 Fed. Appx. 466, 468 (7th Cir. 2008) .......................... 13

*LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)........................ 11

*Lesiv v. Ill. Cent. R.R. Co.*, 39 F.4th 903, 911 (7th Cir. 2022) ................................................. 16

*McAllister v. Innovation Ventures, LLC*, 983 F.3d 963, 971 (7th Cir. 2020) ............................ 15

*McDonnell Douglas v. Green*, 411 U.S. 792 (1973) ................................................................ 18

*Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)........................................................... 12

*Oest v. Ill. Dept of Corr.*, 240 F. 3d 605, 614-15 (7th Cir. 2001)............................................. 19

*Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)....................................... 12

*Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911–12 (N.D. Ill. 2015) ................................ 21

*Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 680 (7th Cir. 2002) .................................... 18

*Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir.2000)................................................................ 12

*Radue v. Kimberly–Clark Corp.,* 219 F.3d 612, 617–18 (7th Cir. 2000) .................................. 18

*Serwatka v. Rockwell Automation*, 591 F. 3d 957, 961 (7th Cir. 2010) .................................... 20

*Smith v. City of Chicago*, No. 18 C 8075, 2021 WL 463235, at *5 (N.D. Ill. Feb. 9, 2021)........ 17

*Stagman v. Ryan,* 176 F.3d 986, 995 (7th Cir. 1999) .............................................................. 18

*Tyler v. Runyon*, 70 F.3d 458, 464 (7th Cir. 1996).................................................................. 22

*Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014)....................................................... 21

**Statutes**

28 U.S.C. § 1291..................................................................................................................... 2

28 U.S.C. § 1367..................................................................................................................... 1

29 U.S.C. 621 *et seq*............................................................................................................... 19

42 U.S.C. § 12111(8) ......................................................................................................... 13, 15

42 U.S.C. § 12112(a) ............................................................................................................. 13

Age Discrimination in Employment Act, 42 U.S.C. § 621 *et seq.* .............................................. 1

Americans with Disabilities Act of 1990 42 U.S.C. § 12101 et seq.............................................. 1

*Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 176 (2009) ........................................................ 19

Illinois Human Rights Act 775 ILCS 5 *et seq.* ........................................................................... 1

Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq* ............................................... 1

**Rules**

Fed. R. Civ. P. 56(c) ........................................................................................ 11

Fed.R.App.P. 3(a) ............................................................................................. 2

Fed.R.App.P. 4(a)(1) ........................................................................................ 2

Fed.R.App.P.28(a)(1)-(10) .............................................................................. 12

Fed.R.App.P.28(a)(9)(a) .................................................................................. 12

Fed.R.App.P.28(b). ........................................................................................... 2

Local Rule 56.1 ................................................................................................. 7

**Regulations**

29 C.F.R. § 1630.4 ........................................................................................... 13

29 C.F.R. 1630.9 .............................................................................................. 14

## JURISDICTIONAL STATEMENT

Plaintiff-Appellant's jurisdictional statement is not "complete and correct" and, therefore, Defendant-Appellee submits the necessary jurisdictional statement as required by Fed.R.App.P.28(b). On December 1, 2020, Plaintiff-Appellant Lanlan Li ("Plaintiff-Appellant") filed a complaint against Defendant-Appellee Fresenius Kabi USA, LLC ("Fresenius Kabi USA") in the United States District Court of the Northern District of Illinois, alleging disability discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act of 1990 42 U.S.C. § 12101 et seq. ("ADA) and the Illinois Human Rights Act 775 ILCS 5 *et seq*. ("IHRA); race[1] and/or national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq*. and the IHRA; and age discrimination in violation of the Age Discrimination in Employment Act, 42 U.S.C. § 621 *et seq*. ("ADEA"). Dkt. No. 1.[2] The District Court had jurisdiction of the case under 42 U.S.C. § 12117 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. On May 15, 2023, the District Court granted Fresenius Kabi USA's motion for summary judgment. Dkt. Nos. 88-89 and Supp. App. 1. Plaintiff-Appellant filed a Motion for Reconsideration with the District Court on June 12, 2023 (Dkt. No. 90 and Supp. App. 2) which was denied by the District Court on October 25, 2023. Dkt. No. 91 and Supp. App. 3. The Plaintiff-Appellant filed a Notice of Appeal on November 22, 2023. Dkt. No. 92. This Court has jurisdiction over Case No. 1:23-3286 pursuant to 28 U.S.C. §

---

[1]    Although the caption of Count III of the Complaint alleges race discrimination, the substance of the count indicates that Plaintiff attempted to allege discrimination on the basis of national origin and not race.

[2] "Dkt. ___ at ___" refers to the document recorded on the District Court's docket sheet, submitted to the Appellate Court as the record on appeal and corresponding page number. "App. ____" refers to Plaintiff-Appellant's Short Appendix. "Supp. App. __" refers to the Defendant-Appellee's Supplemental Appendix and page number.

1291, Fed.R.App.P. 3(a) and Fed.R.App.P. 4(a)(1). There are no prior or related appellate proceedings in this Court regarding Case No. 1:23-3286.

## STATEMENT OF THE ISSUES

Defendant-Appellee disagrees with the Statement of Issues presented by Plaintiff-Appellant in her opening brief, and therefore submits the following statement as required by Fed.R.App.P.28(b).

1.     Was there a material issue of fact as to whether Plaintiff-Appellant was discriminated against due to her disability or in retaliation which precluded summary judgment?

2.     Did the District Court err in dismissing Plaintiff-Appellant's national origin claims for failure to exhaust her administrative remedies?

3.     Are the Plaintiff-Appellant's claims of age discrimination viable or have they been time barred for failure to timely appeal?

4.     Is the Plaintiff-Appellant's claim that the District Court erred in denying Plaintiff-Appellant's Motion for Reconsideration properly before this Court?

## STATEMENT OF THE CASE

### A. Plaintiff-Appellant's Employment with Defendant-Appellee

Fresenius Kabi USA is a fully integrated pharmaceutical company that develops, manufactures and markets injectable pharmaceutical products with a primary focus on the anti-infective, anesthetic/analgesic, critical care and oncology markets. Fresenius Kabi USA offers one of the most comprehensive product portfolios used in hospitals, long-term care facilities, alternate care sites and clinics across North America. Dkt. 65 at 2. Plaintiff-Appellant Lanlan Li was hired in November 2014, as a Senior Scientist in the Department of Analytical Development. Dkt. 66 at 1. Her job duties included the development and experimental research for the production of pharmaceutical products and the job description specifically required the scientist to be able to perform experiments in the laboratory. Dkt. 65 at 2; Dkt. 66 at 2.

In 2016, Ms. Li began was asked to perform a cell-based assay involving vasopressin. Dkt. 66 at 2. This project was to have concluded with a report that could be submitted to the U.S. Food and Drug Administration ("FDA") for approval. Dkt. 66 at 2. As such, it required that Ms. Li adhere to certain standards and protocols on testing and reporting. Dkt. 66 at 2. The deadline for submission of plaintiff's report on the "Vasopressin Project" to the FK Regulatory Affairs was June 24, 2019. Dkt. 66 at 2. On May 6, 2019, Plaintiff emailed Mr. Weber asking if she could be promoted to Principal Scientist given the work she had performed for Defendant. Mr. Weber responded that completion of the report on the Vasopressin Project "would help greatly." Dkt. 66 at 2.

Ms. Li completed her final report at the end of May of 2019 and then was out on vacation between June 3 and June 21, 2019. Dkt. 66 at 3-4. While she was out Mr. Weber discovered that Ms. Li had failed to follow the instructions of the experiment, failed to adhere to good

manufacturing practices and deviated from the approved method of testing without any consultation to other members of the group. Dkt. 66 at 4. Because her final report did not meet industry standards, Ms. Li's report had to be changed and could no longer be used for FDA submission. Dkt. 66 at 4. Mr. Weber was concerned that what he previously had perceived as dedication in her long hours and weekend work was actually poor time management and, as such, did not recommend her for a promotion. Dkt. 66 at 4.

### B. Plaintiff-Appellant's Accommodations

The following week, after learning that she would not be promoted due to her substandard report, Plaintiff reported to Jinsong Liu on July 24, 2019, that she was having back problems. Dkt. 66 at 4. Mr. Liu reporting this concern to Mr. Lande and, later that day, on July 24, 2019, Mr. Lande and Mr. Weber met with Plaintiff to discuss her health concerns. Dkt. 66 at 4. Mr. Lande advised her to seek medical attention to determine whether she needed any work restrictions or accommodations. Dkt. 66 at 4. During this meeting, Plaintiff stated that she had been working long hours and requested that she no longer work any overtime. Dkt. 66 at 4. Mr. Lande agreed that the company did not require her to work more than an 8-hour day. Dkt. 66 at 4. Plaintiff first sought medical attention for her back on July 31, 2019. Dkt. 66 at 4. She returned to work on August 1, 2019, and presented work restrictions to Birgit Patrick, Human Resources Manager. Dkt. 66 at 4. Plaintiff's work restrictions included no lifting over 5 pounds and to avoid sitting 7-8 hours. Dkt. 66 at 4-5. On August 1, 2019, Ms. Patrick notified Emma Woods, Environmental Health and Safety Manager, and asked her to assist Plaintiff in filing a first report of injury and a workers' compensation claim. Dkt. 66 at 5. The following day, Ms. Patrick and Mr. Weber met with Plaintiff to determine whether Fresenius Kabi USA could accommodate Plaintiff's work restrictions. Dkt. 66 at 5. All of her restrictions were approved and accommodated. Dkt. 66 at 5.

4

Specifically, she was approved to refrain from lifting more than 5 pounds, refrain from sitting for more than 7-8 hours at a time and was approved and encouraged to take additional breaks throughout the day.  Dkt. 66 at 5.

On August 12, 2019, Plaintiff emailed Ms. Patrick with new restrictions from her doctor, which required her to refrain from lab bench work due to sciatica until her condition improved. Dkt. 66 at 5.  However, Ms. Li's job as a scientist was to work in the lab. Dkt. 66 at 5. Nonetheless, after meeting with Ms. Li, the company determined that they would accommodate her request to not perform any bench work for the duration of her condition; however, there would be times when there might not be 8 hours a day for non-lab work available.  Dkt. 66 at 5. Because Fresenius Kabi USA did not have full-time, non-lab work available to meet her restrictions, the company assisted her in applying for the Family and Medical Leave Act as well as benefits under the Company's short term disability policy with UNUM to supplement her income. Dkt. 66 at 5-6. Plaintiff-Appellant did not initially apply for disability benefits and on September 18, 2019, Kristina Fuller, Benefits Analyst, provided Plaintiff a second time with the information to apply to UNUM for short term disability benefits. Dkt. 66 at 6. Again, Plaintiff did not provide medical documentation to UNUM and her claim for short-term disability benefits was denied on November 15, 2019. Dkt. 66 at 6.  Once Plaintiff provided UNUM with the required medical documentation, UNUM approved her short-term disability benefits and on December 19, 2019, UNUM notified her that she was approved for Short-Term Disability benefits beginning September 26, 2019. Dkt. 66 at 6.

Between August 12, 2019, and March 23, 2019, Ms. Li remained unable to perform lab/bench work and during this entire time, Defendant-Appellant provided her with various accommodations, including nonbench work, such as peer review work and data processing,

frequent breaks and extended time off. Dkt. 66 at 6. Ms. Li worked part-time and received short term disability benefits until the short-term UNUM benefits were exhausted in March 2020.  Dkt. 66 at 6-7.

### C.  Plaintiff-Appellant's Termination of Employment

On March 11, 2020, UNUM sent Ms. Li a letter informing her that her short-term disability benefits were ending and advising her on how to transition to long-term disability benefits if she was still unable to return to work.  Dkt. 66 at 7.  Once Fresenius Kabi USA was advised by UNUM that Plaintiff had exhausted her short-term benefits, the company sent her a letter advising her that upon the expiration of her disability benefits, if she remained unable to return to her job within 30 days, she would need to either transfer to Long Term Disability or be terminated from payroll. Dkt. 66 at 7.    However, Ms. Li advised Fresenius Kabi USA that she had another doctor's appointment approaching and, therefore, Mr. Davis agreed that the company would extend her time to return to work to April 30, 2020. Dkt. 66 at 7.  By April 30, 2020, Ms. Li remained unable to return to her job duties as a Senior Scientist. Dkt. 66 at 7.    On April 30, 2020, UNUM notified Ms. Li that her long-term disability benefits had been denied. Dkt. 66 at 7.    As such, Fresenius Kabi USA granted Ms. Li another extension, until May 21, 2020, to return to work either with restrictions that could be accommodated, or without restrictions. Dkt. 66 at 8.   By May 26, 2020, after extending her time to return to work by another two months, Plaintiff-Appellant remained unable to perform bench work in the lab, an essential function of her job as a Senior Scientist for Fresenius, and therefore her employment was terminated.  Dkt. 66 at 8.

### D.  Plaintiff-Appellant Alleges Discrimination, Retaliation and Failure to Accommodate

Plaintiff-Appellant filed a complaint with the District Court alleging that:

1. she was discriminated against due to her disability in that Fresenius Kabi USA failed to provide a lab assistant, reduced her workload and terminated her employment (Counts I and II);

2. she was discriminated against due to her national origin when she was not promoted, had her work altered and was terminated for complaining about being denied reasonable accommodations (Counts III and IV);

3. she was retaliated against after she complained about a lack of accommodation and when she was terminated for "missing work due to her disability" (Counts V and VI);

4. she was denied a reasonable accommodation, including peer review work or transferring to another department to "treat her disability" (Counts VII and VIII);

5. she was targeted and placed on labor intensive assignments due to her age and older employees were being fired while younger employees were hired to take their place (Counts IX and X); and

6. she was retaliated against after reporting her disability and need for accommodation (Count XI).

Dkt. 1.

**E. On May 15, 2023, the District Court Granted Fresenius Kabi USA's Motion for Summary Judgment**

The District Court granted Defendant-Appellee's Motion for Summary Judgment, finding at the outset, that Plaintiff-Appellee failed to fully comply with Local Rule 56.1. Supp. App. 1. The Court also found that Ms. Li did not exhaust her administrative remedies with respect to the national origin/race and age claims and that her claims of disability discrimination did not raise a genuine issue of material fact to preclude summary judgment. Supp. App. 1.

## SUMMARY OF ARGUMENT

Fresenius Kabi USA requests that this Court affirm the District Court's order granting summary judgment. Summary judgment should be affirmed because the District Court properly found that Plaintiff-Appellant did not produce any direct evidence of discrimination and did not meet the essential elements of a *prima facie* case of discrimination under the indirect method of proof. While this Court has started to move away from the direct/indirect framework in favor of an analysis as to whether discrimination could be inferred by a jury, the District Court reasoned that the current legal standard requires a plaintiff to either produce direct evidence of discrimination or use the indirect, burden-shifting method. *Andrews v. CBOS West, Inc.,* 743 F.3d 230, 234 (7th Cir. 2014).

Further, Plaintiff-Appellant did not demonstrate that she exhausted her administrative remedies with respect to her age and national origin/race claims and offered no evidence of disability discrimination. She relies instead on argument, speculation and her unsupported opinion. She has not pointed to any discriminatory comments, actions or insinuations on the part of Fresenius Kabi USA, and her only comparator is not a similarly situated employee, thus there is no evidence that other employees were treated more favorably by Fresenius Kabi USA. Furthermore, she has not shown any nexus between her complaint of discrimination and her termination six months later, and therefore her retaliation claims also fail.

The District Court did not examine the merits of Plaintiff-Appellant's claims of national origin/race or age discrimination and instead found that Plaintiff-Appellant did not properly satisfy her administrative prerequisites. Plaintiff-Appellant attempted to demonstrate in both her Response to Fresenius Kabi USA's Motion for Summary Judgment and her Motion for Reconsideration that she "did what she needed to do" in terms of filing with the EEOC. However, she acknowledges that she never received the EEOC right to sue. As such, it was not part of the

record and Plaintiff-Appellee therefore cannot use it as evidence of meeting her exhaustion requirements. For this reason, the District Court held that Ms. Li's claims of national origin/race discrimination were not properly before the Court and dismissed them summarily.[3] The District Court examined Ms. Li's disability and retaliation claims on the merits and found that she cited to no evidence in the record to support her allegations or contradict those of Fresenius Kabi USA. With respect to her claims of disability discrimination, she cites only to her own deposition and did not present any other evidence that other employees were treated more favorably. The lack of comparator information defeats her case of discrimination. Moreover, the District Court agreed with Fresenius Kabi USA that Ms. Li did not provide any evidence to support a connection between her protected activity and her eventual termination, thereby defeating her retaliation claims.

Plaintiff-Appellant did not raise a single genuine issue of fact required to defeat Fresenius Kabi USA's motion for summary judgment. In each of her claims, Ms. Li's argument before the District Court was unsupported by evidence in the record and the Court properly dismissed her claims. On June 12, 2023, Plaintiff-Appellant filed a Motion for Reconsideration with the District Court. However, the District Court, arguing that she had presented evidence to defeat Fresenius Kabi USA's motion for summary judgment. However, the District Court disagreed and again cited to Ms. Li's lack of evidentiary support as the reason for the District Court's dismissal of her case. There was no manifest error by the District Court in the application of the law nor did Mr. Li present any new evidence, requiring that her case be re-examined. Nothing has changed with

---

[3] The District Court also questioned whether the disability claims were properly exhausted but because Defendant did not raise this argument in its summary judgment motion, the District Court ruled on the merits with respect to these claims.

respect to the lack of record evidence to support any of Ms. Li's claims. The District Court did not

err in granting summary judgment or denying her motion to reconsider.

# ARGUMENT

This Court should 1) affirm the District Court's order granting summary judgment to Fresenius Kabi USA because Plaintiff-Appellant failed to establish a *prima facie* case of discrimination or retaliation and did not present any genuine issue of material fact to show Fresenius Kabi USA's legitimate, non-discriminatory reason articulated for the adverse actions (lack of promotion and eventual termination) were pretext for unlawful discrimination; and 2) affirm the District Court's denial of Plaintiff-Appellant's motion for reconsideration because the Plaintiff' Appellant did not establish a manifest error of the law or present any newly-discovered evidence.

### A.     Standard of Review

A district court's grant of summary judgment is reviewed *de novo* and will be affirmed where, based upon the record, "there is no genuine issue as to any material fact and … the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Curran v. Kwon*, 153 F. 3d 481, 485 (7th Cir. 1998). To survive summary judgment, the nonmoving party must "present more than mere allegations," *Id*. at 485 (citations omitted), and must "come forward with specific facts showing that there is a genuine issue for trial." *Gleason v. Mesirow Financial, Inc.*, 118 F. 3d 1134, 1139 (7th Cir. 1997). Summary judgment is appropriately entered where the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to [its] case," on which the nonmovant will bear the burden of proof at trial. *Id.* at 1139 (citation omitted).

This Court has definitely and consistently held that a motion for reconsideration serves a narrow purpose and "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995) (citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). See also *Moro v. Shell Oil*

11

*Co.*, 91 F.3d 872, 876 (7th Cir.1996). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citation omitted). It is at a district court's discretion as to whether reconsideration is warranted under Rule 59(e). See *Id*; *Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir.2000). The rule does not serve as a vehicle to re-litigate old matters or to advance new legal theories. *Moro*, 91 F.3d at 876.

### B.  <u>The Appeal Should be Dismissed for Failure to Abide by the Procedural Rules</u>

Rule 28 of the Federal Rules of Civil Procedure requires that a Plaintiff-Appellant set forth in her brief her "contentions and the reasons for them with citations to authorities and parts of the record upon which she relies." Fed.R.App.P.28(a)(9)(a). A brief must contain an argument consisting of more than a generalized assertion of error, with citations to supporting authority. In the present case, Plaintiff-Appellant's brief does not challenge the District Court's dismissal by citing any evidence in the record, nor does it contain the requisite jurisdictional statement or certificate of compliance. Fed.R.App.P.28(a)(1)-(10). Instead, Plaintiff-Appellant's Brief outlines the burden of proof required for a discrimination case and then points to arguments already submitted and deemed insufficient by the District Court for lack of supporting evidence. This is not enough to challenge the District Court's reasoning in the dismissal of a Complaint. *See Dixon v. City of Rockford*, 299 F. App'x 590, 591 (7th Cir. 2008); *Israel v. Fine*, 299 F. App'x 571, 572-73 (7th Cir. 2008) (dismissing appeal where plaintiff did not challenge court's reasoning and brief merely repeated the allegations contained in his complaint without explanation as to how those allegations undermine the district court's decision).

In addition, Plaintiff-Appellant now attempts to enter evidence by submitting discovery documents in her Short Appendix. This is a violation of both the spirit and intent of Circuit Rule

30. The only evidence before this Honorable Court is the Record on Appeal, transmitted to the Appellate Court by the District Court. Any additional evidence submitted by the Plaintiff-Appellant must be stricken.

Plaintiff-Appellant does not challenge the District Court's analysis on appeal and fails to identify an articulable basis for reversing the District Court's decision to grant summary judgment to Fresenius Kabi USA, other than to say that Plaintiff-Appellant "deserves" her day in court. This appeal should be dismissed on a procedural basis alone. *See, e.g., Landfair v. J.B. Hunt Transp., Inc.*, 268 Fed. Appx. 466, 468 (7th Cir. 2008).

**C.  The District Court's Judgment Should be Affirmed as a Matter of Law**

Furthermore, as more fully set forth below, the District Court's granting of summary judgment was proper because Plaintiff-Appellant failed to establish a *prima facie* case of race/national origin, age or disability discrimination or retaliation.

1. Plaintiff-Appellant Failed to Establish a *Prima Facie* Case of Disability Discrimination

The ADAAA and the IHRA both prohibit discrimination against a "qualified individual with a disability."  A plaintiff must suffer from a "disability," as defined in the Act, to invoke the Act's protection. Whether or not Ms. Li was disabled was not an argument presented or discussed at the District Court level.  What was at issue was whether she was a "qualified individual with a disability." Assuming that Plaintiff was disabled under the terms of the Act, to be "qualified," she must also be able to perform all essential functions of his or her job, either with or without a reasonable accommodation for any disability. 42 U.S.C. § 12112(a); 29 C.F.R. § 1630.4; 29 C.F.R. app. § 1630.9. This phrase is defined, in pertinent part, as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Notably, the plaintiff bears

13

the burden of proof on this issue; she must be able to show that she is a "qualified individual with a disability" in order to successfully prosecute an ADA claim.

In order to prove disability discrimination under the ADAAA or the IHRA, Plaintiff must establish (1) that she suffered from a "disability" within the meaning of the act; (2) that she was able to perform the essential functions of her job, either with or without reasonable accommodation; and (3) that her employer discharged her in whole or in part because of that disability. A plaintiff may also assert that she was discriminated against as a result of her disability when the employer failed to provide him with a reasonable accommodation. Under the ADAAA or the IHRA, when a qualified employee with a disability notifies her employer of a disability, the employer must make a reasonable accommodation. "The appropriate accommodation is best determined through a flexible, interactive process that involves both the employer and [the employee] with the disability." 29 C.F.R. 1630.9. The burden is on the employee to prove that the employer did not provide a reasonable accommodation. Id.   The employer, however, is not required to make an accommodation that would result in undue hardship to the operations of the business.

In her Complaint, Plaintiff makes a general statement that she was denied equal terms and conditions of employment due to her disability. While she does not specifically state how she believes that she was discriminated against, she does state elsewhere in the Complaint that she was denied a promotion and ultimately terminated because of her disability. These allegations are pure speculation. Evidence shows Plaintiff was not recommended for promotion to Principal Scientist as a result of her performance on the Vasopressin Project, not her disability. At no time did Plaintiff claim that her disability prohibited her from performing the standard testing methods required to submit the report to the FDA. In fact, Plaintiff did not even seek medical attention

14

until July 31, 2019, two months after the submission of her report and a week after she learned of deficiencies in her work.  Plaintiff-Appellant has presented no evidence to contradict Fresenius Kabi USA's documentation that she was not promoted due to her performance and there is no indication that she was treated differently on account of her disability.

Plaintiff-Appellant also alleges that she was terminated due to her disability.  However, the District Court properly applied established law in ruling that Ms. Li must be able to perform the essential functions of her job with or without an accommodation to be protected under the ADA. *McAllister v. Innovation Ventures, LLC*, 983 F.3d 963, 971 (7th Cir. 2020) (quoting 42 U.S.C. § 12111(8)). This Court has held that an employee's inability to work for multiple months "removes a person from the class protected by the ADA." *Byrne v. Avon Prod., Inc*., 328 F.3d 379, 381 (7th Cir. 2003).  In other words, Ms. Li no longer met the definition of a qualified individual with a disability because she was unable to perform the essential functions of her job.  Ms. Li attempted to persuade the District Court that bench work was not an essential function, but again, this argument was unsupported by evidence and therefore unpersuasive to the court.  For these reasons, the District Court's dismissal of Ms. Li's disability claims was proper.

Plaintiff-Appellant also claims Fresenius Kabi USA violated the ADAAA and IHRA by failing to accommodate her restrictions.  However, Defendant-Appellee provided ample record evidence to show Ms. Li was actually accommodated in the workplace for over seven months. Even after her short-term disability benefits were exhausted, Fresenius extended her leave of absence, and protected her right to return to work, for another two months.  In this case, Defendant has accommodated each of the requests that Ms. Li made in order to allow her to continue to perform her job as a Senior Scientist.  The Company engaged in the interactive process and met with the Plaintiff to determine how best to accommodate her work restrictions. Plaintiff-Appellant

cannot provide any evidence to show that Fresenius Kabi USA did not accommodate her requests because the company provided her many months of modified duty work throughout her employment.  For these reasons, Ms. Li's claims were properly dismissed by the District Court.

 2.  Plaintiff-Appellant Failed to Establish a *Prima Facie* Case of Retaliation

Plaintiff-Appellant further alleges she suffered retaliation for engaging in a protected activity.  The District Court relied on two recent decisions by the Seventh Circuit in denying those claims. It cited *Abebe v. Health & Hosp. Corp. of Marion Cnty.,* 35 F.4th 601, 607 (7th Cir. 2022) for the elements a plaintiff must present evidence of to survive summary judgment. Further, it stated the appropriate inquiry in surviving a motion for summary judgment on the issue of retaliation is whether "the record contain[s] sufficient evidence to permit a reasonable factfinder to conclude that retaliatory motive caused the materially adverse action."  *Lesiv v. Ill. Cent. R.R. Co.*, 39 F.4th 903, 911 (7th Cir. 2022). In this case, Ms. Li filed her EEOC charge in November of 2019 and was terminated in May of 2020; this is undisputed by the parties.  However, the burden rests with the Plaintiff-Appellant to show that there was a causal connection between the two events, and she has not done so. Once more, she merely articulates unsupported theories about why she was terminated.  The District Court found that no reasonable jury could be expected to find causation when no evidence was submitted in support of this allegation.  Conversely, Fresenius Kabi USA's evidence is clear that Ms. Li's employment was terminated for one reason only—she had exhausted her short-term disability leave and remained unable to return to work. There was no connection between her termination in May of 2020 and the filing of her EEOC charge six months prior.  In fact, during that six-month period, Defendant submitted evidence that it continued to interact with Ms. Li to accommodate her restrictions, to help her apply for workers' compensation benefits and to help her apply for both short- and long-term disability benefits. When her benefits expired, Fresenius Kabi USA further extended her leave in order to allow her

16

more time to be able to see her physician and evaluate whether she could perform her job duties. There is nothing remotely retaliatory about Fresenius Kabi USA's actions and Ms. Li still has not shown otherwise. Therefore, Ms. Li's claims of retaliation were properly dismissed by the District Court.

### 3. The District Court Properly Ruled that Plaintiff-Appellant Failed to Exhaust Her Administrative Rights

In her appeal, Plaintiff-Appellant argues the District Court should have reviewed her national origin/race claims on the merits. Again, she argues that although she did not receive a right to sue notice before filing her complaint, the simple fact of her filing showed that she exhausted her administrative remedies. Unfortunately, this is not what is meant by the exhaustion requirement. A plaintiff does not exhaust her administrative requirements until the agency issues a right to sue notice. This Court has held that filing with the EEOC or transferring a case between the IDHR and the EEOC does not meet the exhaustion requirement. *Smith v. City of Chicago*, No. 18 C 8075, 2021 WL 463235, at *5 (N.D. Ill. Feb. 9, 2021), aff'd sub nom. 2022 WL 205414 (7th Cir. Jan. 24, 2022). Plaintiff-Appellant did not receive her right to sue notice until after she filed her Complaint. For these reasons, the District Court properly dismissed Plaintiff-Appellant's national origin/race and age claims for failure to exhaust the administrative requirements.

### 4. Plaintiff-Appellant Failed to Establish a *Prima Facie* Case of National Origin/ Race Discrimination

Despite Ms. Li's failure to exhaust, should this Court examine Plaintiff-Appellant's claims of national origin/race discrimination in its *de novo* review, the order of summary judgment for Fresenius should still be affirmed because Plaintiff-Appellant's discrimination claims fail as a matter of law. This Court will find that the national origin/race claims lack the same evidentiary foundation as Ms. Li's disability and retaliation claims and therefore also fail on the merits. Ms.

Li did not file a Rule 56.1 statement and does not cite to any evidence in the record to support her allegations. Applying the *McDonnell Douglas* burden-shifting analysis used when there is an absence of direct evidence of discrimination, a plaintiff must meet four essential elements: 1) she is a member of a protected class; 2) she met his employer's legitimate job expectations; 3) she suffered an adverse employment action; and 4) similarly situated employees outside of her protected class were treated more favorably. *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). In this case, Plaintiff-Appellant failed to establish a *prima facie* case of national origin discrimination in that she did not meet the fourth prong of the *prima facie* case because she did not produce any evidence that other employees were treated more favorably. An employee who is discharged for failing to meet legitimate employment expectations must show that the employer applied expectations more favorably to a similarly situated employee. *Curry v. Menard, Inc.,* 270 F. 3d 473, 478 (7th Cir. 2001). Employees are similarly situated if they are "directly comparable to her in all material respects." *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 680 (7th Cir. 2002). "This normally entails a showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Radue v. Kimberly–Clark Corp.,* 219 F.3d 612, 617–18 (7th Cir. 2000).

In this case, Plaintiff-Appellant provide zero evidence that any non-Chinese employees were given more favorable treatment. Plaintiff-Appellant's speculation that other employees received promotions is insufficient to create a genuine issue of material fact or defeat summary judgment. *Stagman v. Ryan,* 176 F.3d 986, 995 (7th Cir. 1999) (statements outside affiant's personal knowledge or statements based on speculation or conjecture will not defeat summary judgment motion); *Hedberg v. Indiana Bell Tel. Co.,* 47 F.3d 928, 931 (7th Cir. 1995)

("Conclusory allegations by the party opposing the motion cannot defeat the motion."). *See also Oest v. Ill. Dept of Corr.*, 240 F. 3d 605, 614-15 (7th Cir. 2001) (summary judgment affirmed where plaintiff offered only conclusory assertions, not specific evidence, of how employees outside the protected class were treated). Given the complete absence of evidence that other employees were treated more favorably, Plaintiff-Appellant could not meet her burden of establishing a *prima facie* case of discrimination.

5.   Plaintiff-Appellant Failed to Establish a *Prima Facie* Case of Age Discrimination and this Claim is not Properly before the Appellate Court

In her appeal, Ms. Li also claims that her age discrimination claims should have been determined on the merits. Similar to her claims of national origin/race discrimination, in the event that this Court examines Plaintiff-Appellant's claims of age discrimination in its *de novo* review, the order of summary judgment for Fresenius Kabi USA should still be affirmed. Plaintiff-Appellant's age discrimination claims fail as a matter of law because they lack the same evidentiary foundation as Ms. Li's national origin/race, disability and retaliation claims.

Moreover, the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 *et seq.*, has an even higher burden of proof. To prove a case of age discrimination, Plaintiff-Appellant must show "but-for" causation in order to prove that Defendant's motives were pretextual. *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 176 (2009). In other words, in the present case, Plaintiff-Appellant would have to show that she would have been promoted, and not have been terminated, "but for" her age.

This Court has embraced the Supreme Court's analysis in *Gross* and applied it to claims for relief under the ADEA, explaining that "our post-*Gross* cases now require plaintiffs in ADEA cases to show evidence that could support a jury verdict that age was a but-for cause of the employment action at the summary judgment stage." *Fleishman v. Cont'l Cas. Co.*, 698 F. 3d 598,

604 (7th Cir. 2010); *Kidwell v. Eisenhauer*, 679 F. 3d 957, 965 (7th Cir. 2012) ("Many, like the district court in this case, disavowed the motivating-factor test and applied the but-for standard at the summary judgment stage."); *Serwatka v. Rockwell Automation*, 591 F. 3d 957, 961 (7th Cir. 2010) ("[P]roof that the plaintiff's age was a motivating factor, but not a determinative factor, in the employer's decision will not suffice to establish the employer's liability.")

In the present appeal, Plaintiff-Appellant has not established that her age was even a motivating factor, let alone a determinative factor in the decision to not promote her and later terminate her employment. Instead, Ms. Li has alleged that she believes that she was terminated due to her disability and her national origin. Plaintiff-Appellant produced no evidence to show that Fresenius Kabi USA's legitimate reason for her lack of promotion and eventual termination was pretextual and therefore she cannot not meet the "but-for" standard. Instead, she simply assumes that because she was over 40, her age must have been a factor in defendant's employment decisions. This is nothing but pure speculation and is, once again, unsupported by evidence in the record. Accordingly, the District Court correctly concluded that Plaintiff-Appellant failed to meet her burden of showing a *prima facie* case of age discrimination and summary judgment for Fresenius was proper.

In addition, while Plaintiff-Appellant requests this Honorable Court overturn the dismissal of her age discrimination claims by the District Court, this Court lacks jurisdiction with respect to these allegations. The District Court granted Defendant-Appellee's Motion for Summary Judgment on May 15, 2023. Supp. App. 1. Ms. Li filed her Motion for Reconsideration on June 12, 2023, tolling the time for her to file a timely appeal. Supp. App. 2. However, Plaintiff-Appellee's Motion to Reconsider did not make any arguments with respect to her age discrimination claims. Her ability to challenge the ruling related to her claims of age discrimination

was therefore not tolled by her Motion to Reconsider and her time to appeal the dismissal of these claims expired on June 15, 2023.  Her present appeal was filed on November 27, 2023, five months past the deadline to appeal her age discrimination claims.   Plaintiff-Appellant's appeal of her age discrimination is therefore time-barred and must be dismissed.

## D.  The District Court acted within its discretion in denying Plaintiff-Appellant's Motion for Reconsideration

In order for a party to successfully move a court to reconsider its ruling, they must show that there was a manifest error of law or fact or present newly-established evidence.  *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014); *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911–12 (N.D. Ill. 2015). In her appeal, Plaintiff-Appellant fails to provide any authority to support her assertion that the District Court erred in denying her motion for reconsideration. Although Plaintiff-Appellant argued that evidence of exhaustion may have been available, it remains the fact that any evidence of exhaustion of her administrative remedies was not provided at the time she filed the complaint, during discovery, or otherwise introduced on the record at the time Fresenius Kabi USA's motion for summary judgment was granted.  Notably, Plaintiff-Appellant's counsel admits that to first receiving a copy of the EEOC right to sue notice on June 23, 2023, two and a half years after filing Ms. Li's complaint. Thus, her claims of national origin warranted dismissal and the District Court properly denied her request to reconsider her claims of national origin discrimination.

Regarding her claims of disability discrimination, the District Court found that Plaintiff-Appellant presented no new evidence and the claims that she has made are not cited in the record or supported by a Rule 56.1 statement.  Therefore, the District Court did not make a manifest error in the application of the law and properly denied Plaintiff-Appellant's Motion to

Reconsider.  Similarly, Plaintiff-Appellant's argument that she did demonstrate causation required for her retaliation claims lacks evidentiary support and was therefore dismissed by the Court.  The District Court, while admittedly reviewing its own decision, did not find that it committed reversible error in denying Ms. Li's claims of retaliation.  Moreover, in this appeal, Plaintiff-Appellant did not provide factual or legal support to show that the District Court committed reversible error in granting Fresenius Kabi USA's motion for summary judgment. In fact, although Plaintiff-Appellant has listed "whether the District Court Erred by Denying Plaintiff's motion for reconsideration" as an issue before this Honorable Court, there is no argument presented in the Plaintiff-Appellee's brief supporting this request.  Therefore, Defendant-Appellee respectfully requests that this Court find that the District Court did not err in denying Ms. Li's Motion for Reconsideration.

Finally, as stated above, Plaintiff-Appellant's claims of age discrimination were not a subject of her Motion for Reconsideration and therefore the District Court did not address whether the dismissal of her age claims should be reversed. They are now time-barred on appeal.

## CONCLUSION

Thus, because Plaintiff-Appellant presented nothing but rank speculation, conclusory assertions and her own subjective opinions, unsupported by any evidence in the record, she failed to raise a genuine issue of material fact and cannot defeat summary judgment. *Denisi v. Dominick's Finer Food, Inc.*, 99 F. 3d. 860, 866 (7th Cir. 1995); *Tyler v. Runyon*, 70 F.3d 458, 464 (7th Cir. 1996).  This Court should dismiss Plaintiff-Appellant's appeal because she has demonstrated no error by the District Court in any of its rulings related to Fresenius Kabi USA's motion for summary judgment and a *de novo* review will show her claims fail as a matter of law due to her

failure to establish a *prima facie* case of disability discrimination or retaliation. Ms. Li's claims of national origin/race discrimination were not properly before the District Court because she failed to exhaust her administrative remedies. While this is also true for her claims of age discrimination, this claim is further barred because she did not raise this issue in her Motion for Reconsideration and further review is therefore time barred. Time and again, the District Court noted that Ms. Li's claims were unsupported by the record and there is nothing in her initial brief to contradict this finding. The District Court properly applied well-settled law and did not commit reversible error in either its dismissal of her complaint or its denial of her motion to reconsider. For all of the above reasons, this Court should affirm the grant of summary judgment in favor of Fresenius Kabi USA.

Respectfully submitted,

**SCHUELER, DALLAVO & CASIERI**

By: _Stephanie A. Cantrell_
Stephanie A. Cantrell

Stephanie A. Cantrell
Defendant for Defendant-Appellee
525 W. Monroe Street, Suite 1530
Chicago, IL 60661
(312) 831-1090
stephanie.cantrell1@sdc-atty.com
Attorney No: 6228963

## CERTIFICATE OF COMPLIANCE WITH
## FRAP RULE 32(a)(7), FRAP RULE 32(g) and CR 32(c)

The undersigned, counsel of record for the Defendant-Appellee, Fresenius Kabi USA, LLC, certifies the following in compliance with F.R.A.P. Rule 32:

1.     This brief complies with the type-volume limit of Circuit Rule 32(c) and, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32a(7) and 32a(f), the brief contains 6626 words.

2.     This brief complies with the typeface requirements of Circuit Rule 32(b) and Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because the brief has been prepared in a proportionally spaced typeface using Times New Roman, 12-point font.

Dated: March 28, 2024

_____
Stephanie A. Cantrell
Attorneys for Defendant-Appellee

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2024, I electronically filed the foregoing APPELLEE BRIEF AND SUPPLEMENTAL APPENDIX FOR FRESENIUS KABI USA, LLC AS DEFENDANT-APPELLEE with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

_____
Stephanie A. Cantrell
Attorneys for Defendant-Appellee

**SUPPLEMENTAL APPENDIX**

## TABLE OF CONTENTS TO SUPPLEMENTAL APPENDIX

1. Memorandum Opinion and Order from the Northern District of Illinois Granting Defendant's Motion for Summary Judgment……………………………………………...1

2. Plaintiff-Appellant's Motion for Reconsideration………………………………….…16

3. Order from the Northern District of Illinois Denying Plaintiff's Motion to Reconsider…27

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LANLAN LI,

Plaintiff,

v.

FRESENIUS KABI USA, LLC,

Defendant.

Case No. 20-cv-07110

Judge Mary M. Rowland

**MEMORANDUM OPINION AND ORDER**

Defendant Fresenius Kabi USA, LLC, a pharmaceutical company, terminated Plaintiff Lanlan Li in May 2020. Li had worked for Fresenius as a Senior Scientist since 2014. Li claims that Fresenius fired her because of her disability, national origin, and age and in retaliation for complaining about Fresenius's failure to accommodate her. Li brings a twelve-count complaint for discrimination and retaliation. Defendant moves for summary judgment on all of Li's claims. [64]. For the reasons explained below, this Court grants Defendant's motion.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law controls which facts are

1

material. *Id*. After a "properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 250 (quoting Fed. R. Civ. P. 56(e)).

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [ ] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Logan v. City of Chicago*, 4 F.4th 529, 536 (7th Cir. 2021) (quotation omitted). The Court "must refrain from making credibility determinations or weighing evidence." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 467 (7th Cir. 2020) (citing *Anderson*, 477 U.S. at 255). In ruling on summary judgment, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id.*

## BACKGROUND[1]

The Court initially addresses Fresenius's argument that Li failed to comply with Local Rule 56.1 (Dkt. 80). The Seventh Circuit has "consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 414 (7th Cir. 2019) (quotation

---

[1] The Court takes these background facts from Defendant's statement of facts (DSOF) [66] and Li's response to Defendant's statement of facts [78]. Li did not submit a separate statement of additional facts.

omitted). A district court can strictly enforce this local rule "by accepting the movant's version of facts as undisputed if the non-movant has failed to respond in the form required." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 648 (7th Cir. 2014). The Court agrees that Li failed to fully comply with the Local Rule 56.1 and will address particular local rule violations in its analysis below. With this, the Court turns to the undisputed facts.

## I.    Plaintiff's Employment

In November 2014, Li began working for Fresenius as a Senior Scientist in the Department of Analytical Development. DSOF ¶ 9. Li is over 40 years of age and of Chinese descent. *Id*. ¶ 11. In 2016, Li was asked to perform a cell-based assay involving vasopressin. *Id*. ¶ 14. Fresenius intended to submit the final report to the U.S. Food and Drug Administration (FDA) for approval and therefore required Li to adhere to certain standards and protocols on testing and reporting. *Id*. ¶ 15. The deadline for submission of Li's report on the "Vasopressin Project" to Fresenius Regulatory Affairs was June 24, 2019. *Id*. ¶ 16. Li submitted her Vasopressin Project report on May 29, 2019. *Id*. ¶ 18. Li was on vacation from June 3, 2019 to June 23, 2019. *Id*. ¶ 19.[2]

On June 8, 2019, because of her hard work, Manager Kurt Weber awarded Li a monetary bonus. *Id*. ¶ 20. However Li's report was not able to be submitted to the

---

[2] Li says the start date of her vacation was May 30, 2019 [78 at 6] although the Court finds this date difference immaterial to the issues in the case.

3

FDA in the form that Li submitted to her supervisors. *Id.* ¶ 21.[3] Subsequently, Mr. Weber did not recommend Li for promotion to Department Supervisor, Jagdish Lande. *Id.* ¶ 22.[4]

On July 24, 2019, Li reported to Jinsong Liu that she was having back pain and eye strain and that she believed it to be from working long hours in the lab. *Id.* ¶ 23. Mr. Liu reported this to Mr. Lande and on July 24, 2019, Mr. Lande and Mr. Weber met with Li to discuss her health concerns. *Id.* ¶ 24. On August 1, 2019, Li sent Human Resources Manager Birgit Patrick a copy of her work restrictions from a doctor's visit on July 31, 2019; these restrictions included no lifting over 5 pounds and to avoid sitting 7-8 hours. *Id.* ¶ 26.

On August 13, 2019, Ms. Patrick contacted Benefits Analyst Kristina Fuller to assist Li in filing for leave under the Family and Medical Leave Act and Short-Term Disability benefits. *Id.* ¶ 32. Li did not provide medical documentation to UNUM and her short-term disability claim was denied in November 2019. *Id.* ¶ 34. Li then provided UNUM with the required documentation and on December 19, 2019, was approved for Short-Term Disability benefits beginning September 26, 2019. *Id.* ¶ 35. On March 11, 2020, UNUM sent Li and Fresenius a letter about transitioning Li to Long Term Disability Benefits. *Id.* ¶ 38. On March 23, 2020, Fresenius informed Li

---

[3] Li disputes DSOF ¶ 21 but does not dispute this portion of the statement that her report was not submitted to the FDA in the form she submitted it to her employer.

[4] Li's response to defendant's statements admitting the statement along with a qualification such as "the email speaks for itself" or followed by argument without any explanation of whether Li disputes in part the statement (Dkt. 78 at 6-7) are non-responsive under Local Rule 56.1. *See e.g. Arias v. CITGO Petroleum Corp.*, No. 17-CV-08897, 2019 WL 4735391, at *2 (N.D. Ill. Sept. 27, 2019).

that she had exhausted her Short-Term Disability Leave and that should she be unable to return to work by April 23, 2020, she would be terminated from payroll. *Id.* ¶ 39.

On April 21, 2020, Andrew Davis, Senior Human Resources Manager, sent an email to Li explaining that should she still be unable to perform her job duties, she would either need to transition to Long Term Disability or be terminated from payroll. *Id.* ¶ 41. Further, Fresenius would extend her time to return to work to April 30, 2020 given her follow-up doctor's appointment to determine if she was able to return to work. *Id.* By April 23, 2020, Li's Long Term Disability Benefits had not yet been approved by UNUM. *Id.* ¶ 42. On April 30, 2020, UNUM notified Li and Fresenius that Li's Long Term Disability benefits had been denied. *Id.* ¶ 42.

## II.    Plaintiff's Termination

After Li's Long Term Disability benefits were denied, Fresenius granted Li another extension until May 21, 2020 to return to work, either with or without restrictions. DSOF ¶¶ 43–44. By May 26, 2020, Li remained unable to return to work and Fresenius terminated her employment. *Id.* ¶ 45.

Li alleges that Fresenius discriminated against her due to her disability, race/national origin, and age, and she also alleges failure to accommodate her disability and retaliation under both state and federal law. *Id.* ¶ 8.

## III.    The IDHR and EEOC

On or about November 20, 2019, Li filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging discrimination based

on her disability and retaliation. DSOF ¶ 36.[5] According to Li, she "filed claims with the IDHR [Illinois Department of Human Rights], which she sent to the EEOC to review." [76 at 9]. Li identifies the following charge numbers for her three charges: EEOC charge number 440-2020-01046, IDHR number 2020CA1223, and EEOC number 440-2021-00176. *Id*. Fresenius does not dispute that Li filed these charges, but argues that Li did not exhaust her administrative remedies for her national origin and age claims.

## ANALYSIS

In Li's amended complaint, she brings claims for disability discrimination under the ADA (Count I) and under the IHRA (Count II), national origin discrimination under Title VII and IHRA (Counts III and IV), retaliation in violation of the ADA (Count V), retaliation in violation of the IHRA (Count VI), failure to accommodate under the ADA and IHRA (Counts VII and VIII), age discrimination under the ADEA and IHRA (Counts IX and X), and retaliation in violation of Title VII and the IHRA (Count XI and XII). [3]. Fresenius moves for summary judgment on all the claims.

The Court agrees with Fresenius that Li failed to exhaust her administrative remedies for her national origin and age discrimination claims. As for Li's disability discrimination claims, assuming they are properly before this Court, Li does not raise a genuine issue of material fact precluding summary judgment in favor of Fresenius.

---

[5] The Charge Fresenius references in this asserted fact and attaches as Exhibit R is signed October 9, 2020 and says it was received by the EEOC on that date. This 2020 Charge refers to the earlier EEOC charge, number 440-2020-01046, that Li filed in 2019.

6

## I.     Failure to Exhaust

Fresenius argues that Li's claims of national origin and age discrimination are time-barred because she failed to exhaust her administrative remedies for those claims. [65 at 12, 17]. Li does not dispute that her EEOC charges did not contain claims of national origin or age discrimination. [76]. Still, Li argues, she "filed claims with the IDHR," based on national origin and age, "which she sent to the EEOC to review." *Id.* at 9. She maintains that "[a] right to sue letter was requested, and the [EEOC] combined the charges," and thus "all claims were sent in for the appropriate investigatory period." *Id.*

The summary judgment record shows that the 2019 EEOC charge (-01046) was filed first, then the 2019 IDHR Charge (-1223) and finally the second EEOC charge in 2020 (-00176). (Dkt. 66, Exh. R; Dkt. 76-3). However, there is no right-to-sue letter from the EEOC nor any final report from the IDHR in this record.[6]

The purpose of the EEOC's exhaustion requirement is to ensure an employer receives "prompt notice" of the claim (see *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121 (2002)), and to provide the EEOC an opportunity to investigate complaints and help the parties settle the dispute. *Moore v. Vital Prod., Inc.*, 641 F.3d 253, 257 (7th Cir. 2011) (citations omitted). Similarly the IHRA and Illinois Human Rights Commission's rules "establish comprehensive administrative procedures

---

[6] Although it is not the Court's job to "scour the record" on summary judgment (*see Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031, 1040 (7th Cir. 2021)), the Court also reviewed prior pleadings in the case and has not located any right-to-sue letter from either the IDHR or EEOC, despite Li's reference to the right-to-sue letter in both her original and amended complaints.

7

governing the disposition of alleged civil rights actions." *Anderson v. Centers for New Horizons, Inc.*, 891 F. Supp. 2d 956, 961 (N.D. Ill. 2012) (cleaned up); *see also Burton v. Chicago Transit Auth.*, No. 17 C 8508, 2019 WL 1932585, at *2 (N.D. Ill. May 1, 2019) ("Plaintiffs alleging discrimination under [these] statutes must first present their claims in a charge to the EEOC or IDHR before taking them to court.").

Li does not dispute that administrative exhaustion is required in this case but maintains that she "did what was needed on her end to exhaust." (Dkt. 76 at 9). The document Li attaches, an email from one EEOC employee to another about "processing a request for a Notice of Right to Sue" (Dkt. 76-4) does not constitute a right-to-sue. And in April 2021, Li's attorney expressly asked the EEOC to "advise *if* a right was issued *as we did not receive it.*" *Id.* (emphasis added).

In addition, Li does not cite any authority to support the proposition that sending an IDHR charge to the "EEOC to review" and "request[ing]" a right to sue letter constitutes exhaustion before either the IDHR or EEOC. *See e.g. Vroman v. Round Lake Area Sch.-Dist.*, No. 15 C 2013, 2015 WL 7273108, at *2 (N.D. Ill. Nov. 18, 2015) (rejecting argument that when plaintiff "transferred" her IDHR charges to the EEOC that constituted exhaustion); *Baranowska v. Intertek Testing Servs. NA, Inc.*, No. 19 C 6844, 2020 WL 1701860, at *3 (N.D. Ill. Apr. 8, 2020) (EEOC right-to-sue letter is not a substitute for a report from the IDHR); *Smith v. City of Chicago*, No. 18 C 8075, 2021 WL 463235, at *5 (N.D. Ill. Feb. 9, 2021), aff'd sub nom. 2022 WL 205414 (7th Cir. Jan. 24, 2022) (explaining that "[e]ven if [plaintiff] timely *filed* his charge, he did not properly *exhaust* his administrative remedies."). Accordingly Li's national origin

and age claims are dismissed without prejudice. *See McHale v. McDonough*, 41 F.4th 866, 872 (7th Cir. 2022).

As to Li's disability discrimination claims, the record similarly lacks a right-to-sue letter for those claims. *See e.g. Burton,* 2019 WL 1932585 (exhaustion required for ADA claims). However, Fresenius did not argue that her disability claims are time-barred. For completeness, the Court addresses the merits of those claims.

## II.    Disability Claims

The ADA prohibits discrimination against a "qualified individual on the basis of disability." 42 U.S.C. § 12112(a) "[T]o be "qualified" under the ADA, an individual must be able to "perform the essential functions" of her job "with or without reasonable accommodation." *McAllister v. Innovation Ventures, LLC*, 983 F.3d 963, 971 (7th Cir. 2020) (quoting 42 U.S.C. § 12111(8)). An employer must make reasonable accommodations that allow a qualified individual to perform the essential functions of her job. *Miller v. Illinois Dep't of Transp.*, 643 F.3d 190, 197 (7th Cir. 2011). Under *Ortiz v. Werner Enterprises, Inc.*, the Court asks "whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's [membership in a protected class] . . . caused the discharge or other adverse employment action" at issue. 834 F.3d 760, 765 (7th Cir. 2016). *See also Lewis v. Ind. Wesleyan Univ.*, 36 F.4th 755, 759 (7th Cir. 2022) (courts assess the evidence as a whole).

Fresenius does not dispute that Li had a disability. Li was diagnosed with spondylolisthesis, which causes back pain (Dkt. 76-1). Li argues that she was not promoted and later terminated because of her disability. Fresenius contends that she

9

was not promoted due to her work product. And Fresenius asserts that Li was terminated after nine months of Fresenius accommodating her disability and only after she exhausted her time for disability leave, until Li could no longer return and perform the essential functions of her job.

The parties dispute whether performing lab work is an essential function of a Senior Scientist (Li's position). Department Supervisor Mr. Lande testified that it is a requirement for senior scientist to be able to perform bench work as part of their job duties. (DSOF ¶ 30; Dkt. 66, Exh. F). Li's only response to this was that her "understanding does not correlate lab work and bench work meaning the exact same thing." (Dkt. 78 ¶ 30). This is argument, not a factual assertion supported by admissible evidence.

Li also contends that Fresenius "allowed other individuals to work from home and even allowed [her] to undertake tasks other than bench work." (Dkt. 76 at 6). First, the fact that Li received an accommodation does not automatically mean that performing bench work was not an essential function of her position. *See Tate v. Dart*, 51 F.4th 789, 800 (7th Cir. 2022). For the other employees, Li relies on her own deposition testimony stating that they also had back issues and did not do bench work or were allowed to work at home. (Dkt. 76-1, Exh. A). Li does not specify whether her former colleagues received accomodations, nor does she explain why this demonstrates that bench work is not an essential function of a Senior Scientist. In addition, in response to Fresenius's explanation that she was not promoted because of the results of her report on the Vasopressin Project, Li contends that she was being

10

considered for a promotion and that she received a bonus. But this does not defeat summary judgment because these events occurred *before* Fresenius decided not to submit her report to the FDA. DSOF ¶¶ 17, 20. This also occurred prior to Fresenius's knowledge of her disability. On this record, Li has not shown she was a "qualified individual" under the ADA.

Further, as to Li's termination, as Fresenius points out (Dkt. 65 at 10), under Seventh Circuit law, "[i]nability to work for a multi-month period removes a person from the class protected by the ADA." *Byrne v. Avon Prod., Inc.*, 328 F.3d 379, 381 (7th Cir. 2003). Fresenius argues that it could not "continue to hold [Li's] job open indefinitely when she remained unable to perform the essential functions of her job for over nine months." (Dkt. 65 at 16). In *Gross v. Peoples Gas Light & Coke Co.*, for example, the court held that plaintiff's "undisputed inability to work at the time of his termination meant that he did not meet the ADA's definition of a qualified person with a disability." No. 17-CV-3214, 2022 WL 4599369, at *16 (N.D. Ill. Sept. 30, 2022). Li did not respond to this argument, waiving any response. *Cooper v. Retrieval-Masters Creditors Bureau, Inc.,* 42 F.4th 675, 688 (7th Cir. 2022); *see also Castelino*, 999 F.3d at 1040 ("In considering a motion for summary judgment, the court is not obligated to assume the truth of a nonmovant's conclusory allegations on faith or to scour the record to unearth material factual disputes.") (cleaned up).[7]

Li therefore has not raised a genuine issue of material fact to survive summary judgment on her claims of discrimination based on her disability and failure to

---

[7] As for Li's argument about the interactive process, generally a claim for a break-down in the interactive process is not an independent basis for liability. *See McAllister*, 983 F.3d at

11

accommodate. *See Rozumalski v. W.F. Baird & Assocs., Ltd.*, 937 F.3d 919, 925 (7th Cir. 2019) (party opposing a summary judgment motion must inform the court "of the reasons, legal or factual, why summary judgment should not be entered").

## III.    Retaliation Claims

The Court next assesses whether Li raises a triable issue on her retaliation claims. To survive summary judgment on this claim, a plaintiff must present evidence of: (1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two. *Abebe v. Health & Hosp. Corp. of Marion Cnty.,* 35 F.4th 601, 607 (7th Cir. 2022). The Court asks: Does the record contain sufficient evidence to permit a reasonable factfinder to conclude that retaliatory motive caused the materially adverse action? *Lesiv v. Ill. Cent. R.R. Co.*, 39 F.4th 903, 911 (7th Cir. 2022).

For the causation element, Li must show that the defendant would not have taken the adverse action but for plaintiff's protected activity. *Greengrass v. Int'l Monetary Sys. Ltd.*, 776 F.3d 481, 486 (7th Cir. 2015). The parties agree that Li filed her first EEOC charge in November 2019. Li was terminated in May 2020. Fresenius argues that these events were six months apart, and the record lacks evidence of a causal connection between them. *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020) (moving party may succeed by showing an absence of evidence to support non-

---

972. In certain circumstances such as where an employer unreasonably delays in providing an accommodation for an employee's known disability, this can amount to a failure to accommodate. *See McCray v. Wilkie*, 966 F.3d 616, 621 (7th Cir. 2020). But Li's broad assertion that her employer offered her "only some of the accommodations it offered to other individuals" (Dkt. 78 at 12) is undeveloped and does not support her claim.

moving party's claims). Li says that Fresenius was frustrated with her work one month after her first request for accommodation, and as she "began her EEOC process, talks of termination began from her supervisor." (Dkt. 76 at 12). But these arguments lack specifics and are unsupported by evidence, let alone a Local Rule 56.1-compliant fact. Li does not offer any evidence to establish the requisite causal connection. *See Scaife v. U.S. Dep't of Veterans Affs.*, 49 F.4th 1109, 1118 (7th Cir. 2022); *Rozumalski*, 937 F.3d at 925.

A reasonable factfinder could not return a verdict in Li's favor on her retaliation claim. Fresenius is entitled to judgment as a matter of law on this basis as well.

## CONCLUSION

For the reasons explained, this Court grants Defendant's motion for summary judgment [64] and directs the Clerk to enter judgment in Defendant's favor. Plaintiff's claims based on age and national origin (Counts III, IV, IX, X) are dismissed without prejudice. Her remaining claims (Counts I, II, V, VI, VII, VIII, XI, and XII) are dismissed with prejudice. Civil case terminated.

E N T E R :

Dated: May 15, 2023

_____
MARY M. ROWLAND
United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LANLAN LI | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 20-CV-07110 |
| | ) | |
| vs. | ) | |
| | ) | |
| FRESENIUS KABI, USA, LLC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

## PLAINTIFF'S MOTION FOR RECONSIDERATION

NOW COMES, Plaintiff, LANLAN LI, through her attorneys CARLA D. AIKENS, P.L.C., by Carla D Aikens, and requests that this Honorable Court grant her Motion for Reconsideration Regarding Plaintiff's Response to Defendant's Motion for Summary Judgment.

WHEREFORE, Plaintiff humbly asks this Court to reconsider the order granting Defendant's Motion for Summary Judgment.

Dated: June 12, 2023

Respectfully Submitted,

/s/ Carla D. Aikens
Carla D. Aikens, (P69530)
Carla D. Aikens, P.L.C.
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LANLAN LI | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 20-CV-07110 |
| | ) | |
| vs. | ) | |
| | ) | |
| FRESENIUS KABI, USA, LLC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ......................................................................... **3**

**TABLE OF AUTHORITIES** ................................................................... **4**

**QUESTIONS PRESENTED** ..................................................................... **5**

**INTRODUCTION** .................................................................................... **6**

**STANDARD OF REVIEW** ...................................................................... **6**

**ARGUMENT** ............................................................................................ **6**

**CONCLUSION** ..................................................................................... **10**

# TABLE OF AUTHORITIES

**Cases**

*Abebe v. Health & Hosp. Corp. of Marion Cnty.*, 35 F.4th 601 (7th Cir. 2022) ..... 10

*Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) ............... 9

*Call v. Ameritech Management Pension Plan*, 475 F.3d 816 (7th Cir. 2007).......... 7

*Shering Corp. v. Illinois Antibiotics Co.*, 62 F.3d 903 (7th Cir. 1995). ................... 7

**Rules**

Federal Rule of Civil Procedure 59(e)....................................................................... 6

## <u>QUESTIONS PRESENTED</u>

I.     Should the Court reverse its ruling on Defendant's Motion for Summary Judgment as to Plaintiff's Disability Claims?

     a.  Plaintiff says:                 Yes.

     b.  Defendant likely says:        No.

II.    Should the Court reverse its ruling on Defendant's Motion for Summary Judgment as to Plaintiff's Retaliation Claims?

     a.  Plaintiff says:                 Yes.

     b.  Defendant likely says:        No.

III.   Should the Court reverse its ruling on Defendant's Motion for Summary Judgment as to Plaintiff's National Origin Claims?

     a.  Plaintiff says:                 Yes.

     b.  Defendant likely says:        No.

## INTRODUCTION

Defendant, FRESENIUS KABI, USA, LLC. filed a Motion for Summary Judgment on September 1, 2022. Plaintiff filed a timely Response to Defendant's Motion and this Honorable Court entered an Order Granting Defendant's Motion for Summary Judgment on May 15, 2023 because of which Plaintiff brings now this Motion for Reconsideration.

## STANDARD OF REVIEW

Motions for reconsideration may be brought pursuant to Federal Rule of Civil Procedure 59(e). Motion to reconsider serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse National de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

## ARGUMENT

### I.    The Court Made Determinations of Fact in Granting Summary Judgment.

This Honorable Court's ruling on the exhaustion of administrative remedies in Section I of the May 15, 2023 Order (hereinafter referred to as "the Order") is addressed in Section II of this Brief. Plaintiff addresses issues from Sections II and III of the Order in this section.

During the discussion of Plaintiff's disability claims in Section II of the Order, this Honorable Court stated "[t]he parties dispute whether performing lab

6

work is an essential function of a Senior Scientist (Li's position)." (Exhibit A: May 15, 2023, Order at 10), and disregarded that Plaintiff testified that lab work was not part of being a Senior Scientist.  Plaintiff stated in response to the Defendant's Statement of Material Fact #30:

> 30.    Performing lab work is an essential function of a Senior Scientist at Fresenius Kabi. (See Defendant's Exhibit F at 107, Line 9-12.)
>
> **Response: Denied. Plaintiff denies the form of the fact above. The statement referenced above only mentions "bench work" and not lab work as stated above. (See Defendant's Exhibit F at 107, line 9-12). Plaintiff's understanding does not correlate lab work and bench work meaning the exact same thing.**

Plaintiff identifies that the statement Defendant referenced to does not use the term "lab work," but rather "bench work" and cites the line Defendant uses. Defendant, the party with the burden of proof, was not consistent with word choice nor did it define lab work as meaning the same as bench work. When construing facts in the light most favorable to the Plaintiff as the non-moving party, this clearly was a valid dispute of material fact supporting Plaintiff's claims. Without that factual determination in Defendant's favor, the remaining argument would no longer hold, as the subsequent arguments rely on lab work being assumed to correlate to bench work. For that reason, Plaintiff's disability claim should be allowed to proceed.

Further, as noted *infra* Plaintiff's claims include that she could have had a different job that did not require bench work. (Exhibit A to Plaintiff's Memorandum in Support of Her Response to Motion for Summary Judgment at 149).

## II.    Plaintiff's Retaliation Claims Should Be Allowed To Proceed As There Is A Causal Connection Between The Protected Activity And A Materially Adverse Action By The Employer.

This Honorable Court stated in the Order "[t]he parties agree that Li filed her first EEOC charge in November 2019[;] Li was terminated in May 2020." (Exhibit A at 12). The termination was the only adverse action mentioned in this section by the Court. However, this ignores the fact that other adverse actions occurred between November of 2019 and May of 2020.

The Supreme Court has ruled that a broader range of actions can be classified as an adverse action for Title VII retaliation claims. Unlike in a discrimination case, the "scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006).

The entirety of several depositions was provided to the Court with adverse actions, such as the denial of certain accommodations, denial of work from home, denial of a promotion, removal of credit for work for needing revisions despite those revisions being classified as normal, and other such actions that without

8

dispute occurred only after Ms. Li engaged in her protected activity. (See Plaintiff's Memorandum in Support of her Response to Defendant's Motion for Summary Judgment at 8, 11, 12)[1] (See Also Exhibit A to Plaintiff's Memorandum in Support at 149). Ms. Li also testified to the fact that individuals were allowed to work from home in her deposition, which was a particular accommodation denied to her. (SMF ¶ 7, 10, 17, 37) (See Also Plaintiff's Memorandum in Support at 12). Plaintiff's Complaint further did leave open the possibility that other adverse actions would be uncovered through discovery and did not state termination was the only adverse action taken by the Defendant. (See Defendant's Exhibit A at ¶ 114, 127). The factors from *Abebe*, as cited by this Honorable Court, states causal connection between ***a*** protected activity and ***a*** materially adverse action must exist for a valid retaliation claim. *Abebe v. Health & Hosp. Corp. of Marion Cnty.*, 35 F.4th 601, 607 (7th Cir. 2022). The *Abebe* Court clearly used "a" and not "the" meaning any adverse action can establish a sufficient link to any protected activity. The causal chain of events in this case would then allow for a causal link to occur from any of the broader range of adverse actions that occurred between November of 2019 and May of 2020. For that reason, Plaintiff's retaliation claims should be allowed to proceed.

---

[1] Plaintiff cited to SMF 7, 10, 17,  and 37 as well as two different transcripts supporting this contentions in her Memorandum. Plaintiff further identified the inconsistent tone regarding her work around the Vasopressin Project.

**III.    Plaintiff has received the RTS for her National Origin Claims and Those Claims Should Be Reinstated.**

Plaintiff attaches a copy of all three Notices of the Right to Sue related to Plaintiff's charges as Exhibit B to this Brief. The third Right to Sue ending in 00473 corresponds to the IDHR claim from 2019 Charge (-1223) as the other two charge numbers were included in this Honorable Court's analysis of this issue. (*See* **Exhibit B**; *see also* **Exhibit A** at 7). Plaintiff did exhaust her administrative remedies at the proper time. Plaintiff's counsel first received a copy of this notice of right to sue from the EEOC on June 12, 2023, after requesting a copy of the document. With this document showing exhaustion, this Court should reinstate the national origin claims that were dismissed without prejudice.[2]

## **CONCLUSION**

WHEREFORE, Plaintiff, LANLAN LI, respectfully requests this Honorable Court enter an Order Vacating the May 15, 2023, Order and enter an Order consistent with the arguments presented in this Motion for Reconsideration.

Dated: June 12, 2023

Respectfully Submitted,

/s/ Carla D. Aikens
Carla D. Aikens, (P69530)
Carla D. Aikens, P.L.C.
*Attorneys for Plaintiff*

---

[2] **Exhibit B** should also remove any argument that the record lacks Notice of Right to Sue letters for any of Plaintiff's claims, to the extent that the same is required.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein via email on June 12, 2023.

<u>/s/ Katarzyna Nowicki</u>

11

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| LANLAN LI, | |
| Plaintiff, | |
| v. | Case No. 20-cv-07110 |
| FRESENIUS KABI USA, LLC, | Judge Mary M. Rowland |
| Defendants. | |

## ORDER

In this case Plaintiff Lanlan Li claimed that her former employer, Fresenius, fired her because of her disability, national origin, and age and in retaliation for complaining about Fresenius's failure to accommodate her. This Court previously granted Defendant's motion for summary judgment on all of Li's claims. Li has filed a motion to reconsider (Dkt. 90) this Court's May 15, 2023 opinion (Dkt. 88, "Summary Judgment Opinion"). For reasons stated herein, Li's reconsideration motion [90] is denied.

### I.  Background

In its Summary Judgment Opinion, the Court agreed with Fresenius that Plaintiff failed to exhaust her administrative remedies for her national origin and age discrimination claims. And as for her disability discrimination claims, Plaintiff did not raise a genuine issue of material fact precluding summary judgment in favor of Fresenius. The Court dismissed without prejudice Plaintiff's claims based on age and national origin (Counts III, IV, IX, X). The Court dismissed with prejudice her remaining claims (Counts I, II, V, VI, VII, VIII, XI, and XII).

In her reconsideration motion, Plaintiff asks the Court to vacate its Summary Judgment Opinion, however Plaintiff only makes arguments about her disability, national origin, and retaliation claims.

### II.  Standard

It is well-established that motions for reconsideration "serve a limited function." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citation and quotation omitted). The party moving for reconsideration must establish a manifest error of law or fact or present newly discovered evidence. *Vesely*

1

*v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014); *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911–12 (N.D. Ill. 2015). The moving party thus "bears a heavy burden." *Finnsugar Bioproducts, Inc. v. Amalgamated Sugar Co., LLC*, 244 F. Supp. 2d 890, 891 (N.D. Ill. 2002). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations and quotations omitted); *see also Caisse Nationale*, 90 F.3d at 1270 (the moving party may not use a motion to reconsider to "rehash[] previously rejected arguments or argu[e] matters that could have been heard during the pendency of the previous motion").

## III.    Analysis

In her motion, Plaintiff argues that her disability and retaliation claims should be allowed to proceed. She also asserts that an EEOC right to sue notice shows that Plaintiff's national origin claims should be reinstated.

### A. National Origin Claims

The Court begins with Plaintiff's argument about her national origin claims. Plaintiff's counsel says he "first received a copy of this notice of right to sue from the EEOC on June 12, 2023, after requesting a copy of the document." [90 at 10]. "With this document showing exhaustion," he argues that this Court should reinstate the national origin claims. *Id.* In the original summary judgment briefing, Plaintiff argued only that she "did what was needed on her end to exhaust," and attached an email from one EEOC employee to another. [76]. No right to sue notice was attached (nor was any right to sue notice in the record before the Court at all). Plaintiff does not explain why she could not obtain a copy of this document earlier in the lawsuit, which she filed in 2020, or at least by the time of summary judgment briefing.

As this Court explained before, it was not the Court's job to scour the record to find relevant documents, or to presume, without documentation from Plaintiff, that she had exhausted her administrative remedies. These "matters that could have been heard during the pendency of the previous motion", are inappropriate for a motion to reconsider. *Caisse Nationale*, 90 F.3d at 1270. Plaintiff fails to cite any authority that the Court should reconsider under these circumstances. Indeed a motion to reconsider "performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (cleaned up). That is not what happened here.

Therefore the Court denies Plaintiff's request to reconsider its order regarding her national origin claims.

2

## B. Disability and Retaliation Claims

Plaintiff also asks the Court to reconsider its ruling about her disability and retaliation claims.

For her disability claim, Plaintiff argues there was a material question of fact about whether lab work was part of being a Senior Scientist. With regard to Defendant's Statement of Material Fact #30, Plaintiff argues that Defendant had the burden of proof and the Court should have accepted her denial of this fact and assertion that her "understanding does not correlate lab work and bench work meaning the exact same thing." [90 at 7]. In addition to the fact that Plaintiff does not address the other reasons for this Court's finding that her disability claim did not survive summary judgment, as explained before, Plaintiff did not cite any Local Rule 56.1-compliant evidence to dispute Defendant's asserted fact. *See Rozumalski v. W.F. Baird & Assocs., Ltd.*, 937 F.3d 919, 925 (7th Cir. 2019)

For her Title VII retaliation claim, Plaintiff had to show that: "(1) she engaged in statutorily protected expression; (2) she suffered an adverse action by her employer; and (3) there is a causal link between her protected expression and the adverse action." *Scaife v. U.S. Dep't of Veterans Affs.*, 49 F.4th 1109 , 1118 (7th Cir. 2022). She had to show retaliatory intent played a role in the adverse action. *See Huff v. Buttigieg*, 42 F.4th 638 , 645 (7th Cir. 2022). This Court found that Plaintiff failed to provide evidence of causation to survive summary judgment on her retaliation claim. Plaintiff now broadly argues that "[t]he causal chain of events in this case would [] allow for a causal link to occur from any of the broader range of adverse actions that occurred between November of 2019 and May of 2020." [90 at 9]. This does not demonstrate error in this Court's opinion. Plaintiff also did not address this Court's finding that she failed to fully comply with Local Rule 56.1.

In sum, Plaintiff's motion disagrees with this Court's original decision but does not demonstrate this Court erred in its decision. Considering Plaintiff's "heavy burden," *Patrick*, 103 F. Supp. 3d at 912, and the fact that the decision whether to grant a motion to reconsider is in the Court's discretion, *Darvosh v. Lewis*, 2015 WL 5445411, at *3 (N.D. Ill. Sept. 11, 2015), reconsideration is not warranted here.

## IV.   Conclusion

For the stated reasons, Plaintiff's Motion to Reconsider [90] is denied.

E N T E R:

Dated: October 25, 2023

_____
MARY M. ROWLAND
United States District Judge

4