**Case No. 23-3286**

**UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

LANLAN LI,

PLAINTIFF-APPELLANT,

   v.

FRESENIUS KABI, USA, LLC.

DEFENDANT-APPELLEE.

_____

**Appeal From the United States District Court
For The Northern District Of Illinois
Eastern Division**

**PLAINTIFF-APPELLANT'S REPLY TO DEFENDANT-APPELLEE'S
RESPONSE TO PLAINTIFF-APPELLANT'S APPEAL BRIEF**

CARLA D. AIKENS P.L.C.
Carla D. Aikens (6296269)
Attorneys for Plaintiff-Appellant
615 Griswold Street, Suite 709
Detroit, MI 48226
Tel: (844) 835-2993
Fax: (877) 454-1680
carla@aikenslawfirm.com

# TABLE OF CONTENTS

I.    ARGUMENT ................................................................................ 4

    A.    Ms. Li's Appeal Should not be Dismissed for Failure to Abide by the Procedural Rules. ................................................................................ 4

    B.    The District Court's Ruling Should Not Be Affirmed. ............................... 6

        1.    Ms. Li established a prima facie case of disability discrimination. .......... 6

        2.    Ms. Li established a prima facie case of retaliation. ............................... 7

        3.    The District Court did not properly rule Ms. Li failed to exhaust her administrative rights. ........................................................................ 9

        4.    Ms. Li established a prima facie case of national origin/race discrimination. ................................................................................ 9

        5.    Ms. Li's age claims are properly before this Court and she has made a prima facie showing of age discrimination. .................................................... 10

    C.    The District Court Abused its Discretion in Denying Ms. Li's Motion for Reconsideration. ............................................................................. 11

II.    CONCLUSION ......................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Bilinksy v. American Airlines, Inc*., 928 F.3d 565 (7th Cir. 2019) .......................... 7

*Brown v. Smith*, 827 F.3d 609 (7th Cir. 2016) ......................................................... 7

*Dixon v. City of Rockwood*, 299 F. App'x 590 (7th Cir. 2008) .............................. 4

*Israel v. Fine*, 299 F. App'x 571 (7th Cir. 2008) .................................................... 4

*Landfair v. J.B. Hunt Transp.*, Inc., 268 Fed. Appx. 466 (7th Cir. 2008) ............... 5

*Miller v. Ill. Dept. of Transp*., 643 F.3d 190 (7th Cir. 2011) ................................. 7

*Smith v. City of Chicago*, 18 C 8075, 2021 WL 463235 (N.D. Ill. Feb. 9, 2021) .... 9

**Statutes**

28 U.S.C. §1915 ...................................................................................................... 4

29 C.F.R. § 1630.2(n)(3) ......................................................................................... 7

Defendant-Appellee ("Defendant") filed its response to Plaintiff-Appellant's ("Plaintiff" or "Ms. Li") Brief on March 28, 2024 [Doc. 27-1]. Plaintiff responds to the arguments as follows:

## I.    ARGUMENT

### A. Ms. Li's Appeal Should not be Dismissed for Failure to Abide by the Procedural Rules.

Defendant first asserts the Plaintiff's appeal is similar to the litigants in *Israel v. Fine*, 299 F. App'x 571 (7th Cir. 2008) and *Dixon v. City of Rockwood*, 299 F. App'x 590 (7th Cir. 2008). [Doc. 27-1 at internal page 12]. Both *Israel* and *Dixon* involve district court's screening of complaints and dismissing them for lacking support to present a valid complaint. *Israel*, at 571-72; See Also, *Dixon*, at 591. This is not the case here as Ms. Li's appeal: 1) does not involve the screening of a complaint under 28 U.S.C. §1915; and 2) is supported by more than mere allegations. Throughout Ms. Li's brief, references to case law and exhibits offer support to her assertions beyond the mere allegations found in both *Israel* and *Dixon*. Further, page 4 of Ms. Li's brief contains Ms. Li's jurisdictional statement and page 28 contains her Certificate of Compliance. Defendant's assertion that neither item exists is wholly inaccurate.

Next, Defendant claims Ms. Li entered evidence improperly to this Honorable Court in violation of "both the spirit and intent of Circuit Rule 30."

However, Defendant does not identify specifically what the alleged improper evidence is nor does it make any reference to what document it claims should not be presented to this Honorable Court. [Doc. 27-1 at internal page 12-13]. Defendant makes a generalized claim that something is improper without identifying: 1) what documents or evidence is improper; 2) a specific violation of the Court Rules; and 3) any case law to support its assertion that this would be a basis to strike anything Ms. Li has submitted. For these reasons, Defendant's request to strike unidentified documents should be denied.

Defendant's final argument under this section alleges that Ms. Li's appeal should be wholly dismissed for failing "to identify an articulable basis for reversing the District Court's decision to grant summary judgment…" [Doc. 27-1 at internal page 13]. In support of this position, Defendant cites *Landfair v. J.B. Hunt Transp.*, Inc., 268 Fed. Appx. 466, 468 (7th Cir. 2008), which was dismissed because the plaintiff-appellant in that matter comprised his brief of "cut-and-pasted quotations discussing unrelated areas of law from securities to tax liens to fraudulent concealment of records. In fact, his brief is devoid of cogent argument altogether." *Landfair*, at 468. Ms. Li's brief presents relevant areas of law, relevant portions of the record, and a clear argument, thereby differentiating it from

*Landfair*. Therefore, Defendant's request for procedural dismissal should be denied.

### B. The District Court's Ruling Should Not Be Affirmed.

*1. Ms. Li established a prima facie case of disability discrimination.*

Defendant relies on the argument that "Plaintiff was not recommended for promotion to Principal Scientist as a result of her performance on the Vasopressin Project, not her disability." [Doc. 27-1 at internal page 14]. This assertion is directly contradicted by Exhibit D, an email from Ms. Li's supervisors responding to her request for promotion which stated "[y]our report for Vasopressin will help greatly." (Doc No. 66 Page ID. 474). This assertion is further countered by Exhibit E, showing that Defendant gave Ms. Li an out of cycle bonus for all of her "hard work [and] (sic) extra efforts." (Doc No. 66 PageID. 476). Plaintiff's position is further supported by the testimony from one of her supervisors who stated modifications to reports are the norm in the field. (Plaintiff's Brief at Exhibit C: Deposition Transcript of Jagdish Lande, Doc. 66 PageID. 437-39, at internal pages 18:2-20:9).

As to the dispute over bench work being a required portion of Ms. Li's position and the lack of accommodation, she relies on the facts and arguments contained in her brief. The Seventh Circuit has made clear that whether a particular

job function is "essential" is not a legal question but a question of fact. *Brown v. Smith*, 827 F.3d 609, 613 (7th Cir. 2016). The employers' opinion – which if of course biased – is not determinative of the issue. *Miller v. Ill. Dept. of Transp.*, 643 F.3d 190, 198 (7th Cir. 2011). Courts are also to consider relevant factors such as the time spent on a function, the experience of those who previously or currently were in the position, and the effect of allowing the employee to not perform the function. *See* 29 C.F.R. § 1630.2(n)(3); *Bilinksy v. American Airlines, Inc.*, 928 F.3d 565, 569 (7th Cir. 2019). Further, she directs this Court to a factual determination made by the lower court conflating lab work with bench work. (Doc. No. 88 PageID. 862). Plaintiff showed that a comparable employee, Ms. Sarviaya, received an accommodation to not perform bench work after receiving the very promotion Ms. Li sought. It is disingenuous then for Defendant to claim she had performance issues to force Ms. Li to stay in her role, and then point to the requirements of that role as a basis for termination.

### 2.   *Ms. Li established a prima facie case of retaliation.*

As stated above, Ms. Sarviaya received an accommodation to not perform bench work after receiving the very promotion Ms. Li sought. Defendant claims Ms. Li had performance issues just so it could intentionally keep her in a more physical role, rather than the job to which she should have been promoted, and

then stated that her alleged failure to meet the requirements of that more physical role were the reason for her termination. Defendant made that decision in order to terminate Ms. Li. Had she been promoted properly, the "bench work" would not have been required, and Defendant would not have had any cause to terminate her. Defendant created the situation, refused an accommodation after Plaintiff requested one on August 6, 2019, and then terminated Ms. Li only two months after she complained to Defendant about national origin discrimination. (Appellant's Brief at 22-23).

The most glaring and obvious example of retaliation came when Plaintiff engaged in the protected activity of filing a complaint with the IDHR/EEOC, which was done at the latest in December of 2019. (Plaintiff's Brief at Exhibit R). Plaintiff was terminated just months after this charge was filed, and Defendant was aware that she had filed the charge at the time of her termination. Andrew Davis, from Defendant's human resources department, who took part in the decision to terminate her, confirmed that Defendant was aware that she was claiming disability discrimination before she was terminated via an email she had sent to Defendant before she was terminated, and that Defendant had discussed her situation with its legal department before terminating her. (Plaintiff's Brief at Exhibit T, Andrew Davis Deposition at 10:10-12; 103:6-12; 106:24-107:21; 118:4-119:12).

3.   *The District Court did not properly rule Ms. Li failed to exhaust her administrative rights.*

Plaintiff incorporates and reasserts the facts, law, and arguments contained in her brief at internal page 20 on this issue, as if fully restated herein. Defendant cited the unreported case of *Smith v. City of Chicago*, 18 C 8075, 2021 WL 463235 (N.D. Ill. Feb. 9, 2021), *aff'd sub nom.* 2022 WL 205414 (7th Cir. Jan. 24, 2022) to support its position regarding Ms. Li's failure to exhaust. However, Defendant did not attach a copy of the unpublished opinion to its brief and cited to the wrong page to support its claim about the holding of the Northern District of Illinois court.[1] Further, the court in *Smith* specifically noted "[t]he charge may have been cross-filed with the EEOC, Doc. 268-2 at 1-3, but Smith does not rely on that possibility in making his exhaustion argument." *Id.* at *11. *Smith* is therefore not analogous to the instant matter and for these reasons, as well as those in Ms. Li's brief, this Court find that the lower court improperly ruled on the failure to exhaust these claims.

4.   *Ms. Li established a prima facie case of national origin/race discrimination.*

Defendant argues that Plaintiff failed to establish a prima facie case of national origin discrimination because she did not meet the fourth prong by

---

[1] The discussion of exhaustion in *Smith v. City of Chicago* occurs at *10-13 and not at *5, as Defendant asserts.

9

showing similarly situated employees outside of her protected class were treated more favorably. [Doc 27-1 at internal page 18]. Ms. Li identified Purvaba Sariviaya, who is undisputed to be of a different national origin, as someone who received preferential treatment. For that reason, and the reasons stated in her brief, this Court should find that Ms. Li established a prima facie case of national origin discrimination.

> 5.  *Ms. Li's age claims are properly before this Court and she has made a prima facie showing of age discrimination.*

Plaintiff incorporates and reasserts the facts, law, and arguments contained in her brief at internal pages 26-28 on this issue, as if fully restated herein. Defendant assets that "Plaintiff-Appellant produced no evidence to show that Fresenius Kabi USA's legitimate reason for her lack of promotion and eventual termination was pretextual and therefore she cannot not meet the 'but-for' standard." However, the documentation and arguments contained in Ms. Li's brief, as well as subsection I.B.1 of this reply directly refute that claim.

Defendant further argues that this Court should affirm dismissal of her age discrimination claim based on it being time-barred. However, Defendant cites no rule, statute, or case law in support of its position.[2] Without such authority,

---

[2] Curiously, Defendant makes an unsupported generalized position similar to what it accuses the Plaintiff of doing in subsection B of its Response.

Plaintiff asserts the claims on appeal are valid, as the appeal concerns both the granting of Defendant's Motion for Summary Judgment and the denial of Plaintiff's Motion for Reconsideration.

### C. The District Court Abused its Discretion in Denying Ms. Li's Motion for Reconsideration.

Plaintiff incorporates and restates the facts, law, and arguments contained in her brief, as if fully restated herein. Defendant asserts more generalized arguments without citation to a rule, statute, or case law in support of its position. Without such authority, Plaintiff asserts that her claims on appeal are valid, as the appeal concerns both the granting of Defendant's Motion for Summary Judgment and the denial of Plaintiff's Motion for Reconsideration.

## II.    <u>CONCLUSION</u>

For the reasons stated herein as well as in Plaintiff's opening brief, Plaintiff-Appellant request this Court overturn the District Court's decision to dismiss and order that Plaintiff's claims to be decided on the merits by a jury.

Respectfully submitted,

<u>/s/ Carla D. Aikens</u>
Carla D. Aikens (6296269)
Attorneys for Plaintiff-Appellant
615 Griswold Street, Suite 709
Detroit, MI 48226
Tel: (844) 835-2993
Fax: (877) 454-1680

11

carla@aikenslawfirm.com

Dated: April 18, 2024

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as directed on the pleadings on April 18, 2024, by:

/s/Katarzyna Nowicki
Katarzyna Nowicki
Legal Assistant to Carla D. Aikens, P.L.C.